IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

SANTA TERRESA DILLON,

        Plaintiff,

v.                                                               CIVIL ACTION NO.   5:12-cv-09314

UNITED STATES OF AMERICA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *United States' Motion to Strike Additional Opinions of Dr. O'Shanick and Dr. Petrick* (Document 90) and the *Memorandum in Support* (Document 91), the *United States' Motion to Strike the Plaintiff's Untimely Supplemental Expert Disclosures* (Document 92) and the *Memorandum in Support* (Document 93), the *Plaintiff's Memorandum in Response to Defendant United States' Motion to Strike Additional Opinions of Dr. O'Shanick and Dr. Petrick* (Document 96), the *Plaintiff's Memorandum in Response to Defendant United States' Motion to Strike the Plaintiff's Untimely Supplemental Expert Disclosures* (Document 97), as well as the *United States' Reply* (Documents 100 & 101).   The Court has also reviewed the *Plaintiff's Response to Court Order of December 16, 2014* (Document 108).   Additionally, the Court has reviewed the attached exhibits to the parties' submissions.   For the reasons stated herein, the Court finds that the motion to strike the untimely disclosures should be denied, and the motion to strike the additional opinions of Dr. O'Shanick and Dr. Petrick should be granted.

## I.     FACTS AND PROCEDURAL HISTORY

The Court previously summarized the parties' arguments in its *Order* (Document 102) directing the Plaintiff to "provide reasons, if any exist, as to why the supplemental disclosures were late and/or why there was no basis given for Dr. O'Shanick and Dr. Petrick's newly formed opinions."  (Document 102 at 4.)   To briefly summarize, the Plaintiff provided supplements and additions to her expert reports after the deadline set forth in the Court's *Order* (Document 55) which modified the scheduling order in accordance with a joint motion by the parties.  The order provided that "the Plaintiff's expert witness disclosures are due **by September 2, 2014**, the Defendant's disclosures are due **by September 5, 2014**, and rebuttal experts are due from both parties **by September 30, 2014**."   (Document 55) (emphasis in original.)

The Plaintiff filed certain disclosures on September 2, 2014, including the statements by counsel summarizing opinions expected to be offered by Dr. O'Shanick and Dr. Petrick, which the Defendant contends do not comply with the strictures of Rule 26 of the Federal Rules of Civil Procedure.  On October 6, 2014, the United States filed the *Defendant's Motion for Partial Summary Judgment on the Cost and Present Value of Future Medical Costs* (Document 74), asserting that the Plaintiff's disclosures included no expert report addressing the cost of her future medical treatment.   On November 12, 2014, the Plaintiff served the United States with supplemental expert disclosures addressing the cost of Ms. Dillon's future medical treatment. The United States moves to strike these supplemental expert disclosures as untimely.

## II.     APPLICABLE LAW

Rule 37(c)(1)[1] of the Federal Rules of Civil Procedure provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expense, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). Thus, information or witnesses should generally be excluded absent (a) substantial justification for the failure to comply with the Rules or (b) a finding that the failure to disclose in compliance with the Rules was harmless. The Fourth Circuit has held that

> in exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

---

[1] Some courts have reviewed violations of this nature—untimely and/or non-compliant-disclosures made well in advance of trial—as violations of a court order under Rule 37(b) or Rule 16(f) rather than as failures to disclose under Rule 37(c). *See, e.g.*, *Luma Corp. v. Stryker Corp.*, 226 F.R.D. 536, 544-45 (S.D.W. Va. 2005) (VanDervort, M.J.); *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 309 (M.D.N.C. 2002). However, the Fourth Circuit has applied Rule 37(c) for failure to provide the information in accordance with Rule 26(a) or (e), and for disclosures made outside court-imposed deadlines. *See, e.g.*, *Wilkins v. Montgomery*, 751 F.3d 214, 221 (4th Cir. 2014).

### III.     DISCUSSION

*A.  Untimely Disclosures*

The Plaintiff maintains, both in her response to the United States' motion to strike the untimely supplemental disclosures and in her response to the Court's order, that she fully complied with the Court's scheduling order.   This is based on a tortured reading of the scheduling order and the Federal Rules of Civil Procedure.   The scheduling order is clear.   The Plaintiff was to make expert witness disclosures by September 2, 2014.   Although she had an ongoing duty to supplement those disclosures upon discovery of new information or witnesses that rendered the original report incomplete or inaccurate, that duty to supplement does not create a license to delay making the appropriate disclosures on time when the information is available.   The Plaintiff has provided no justification beyond her somewhat awkward and incomprehensible interpretation of the scheduling order and the Federal Rules of Civil Procedure.   The timing suggests that the Plaintiff was caught off guard by the Defendant's motion for partial summary judgment with respect to the cost of the Plaintiff's future medical needs, and wanted to correct her failure to gather appropriate evidence.   Whatever led to the late disclosures, the Court finds it difficult to believe that the Plaintiff's experienced counsel was unable to understand the scheduling order.

Absent substantial justification, the Court must consider the potential harm caused by the Plaintiff's untimely disclosures, served on the Defendant approximately two months after the deadline and nearly six months prior to the scheduled trial date.   The United States argues that it "cannot now defend against [the opinions in the supplemental disclosures] as it has no opportunity to obtain any expert of its own without a new scheduling order from the court allowing discovery, expert disclosures, and a new trial date."   (Def. Mot. to Strike at 2, Document 92.)   It further

argues that it was "surprised" by these supplemental disclosures because they were "disclosed after the disclosure deadline and on the close of discovery." (Def. Mem. in Supp. of Mot. to Strike at 3, Document 93.) The United States points to its motion for partial summary judgment, which would likely be mooted by the untimely disclosures.

The Plaintiff's untimely disclosures undoubtedly inconvenienced the Defendant, in that they (a) provided evidence it would prefer not to defend against and (b) required it to do further discovery work outside the anticipated times set forth in the scheduling order. The Court does not, however, find that they harmed the Defendant. The Defendant's prompt filing of a motion for partial summary judgment on the issue of future medical costs demonstrates that it was well aware that the Plaintiff's future medical expenses are at issue in this case. The Plaintiff had produced expert evidence regarding the types of medical treatment she would need. The missing piece was only her evaluation of the current cost of those treatments. While the Defendant may have chosen to delay seeking its own expert evaluation on future medical costs until it reviewed the Plaintiff's evidence, it was not surprised by the presence of the future medical costs issue.

Any surprise or prejudice can easily be cured. The Defendant makes much of its inability to counter the Plaintiff's untimely disclosures within the confines of the scheduling order. If the parties' respective counsel proved unable to reach an agreement permitting the Defendant time to conduct any responsive discovery beyond the deadlines, the need to respond to the Plaintiff's untimely disclosures may constitute good cause for an extension upon motion to the Court. The United States would have had ample time to conduct any discovery necessitated by the relatively limited new evidence in the nearly six months between the Plaintiff's disclosures and the scheduled trial date. Of course, the Court will hear any motion by the United States seeking a

5

continuance due to the Court's decision herein, given the now relatively limited time before the April 27, 2015 trial date.

The exclusion of the Plaintiff's evidence would effectively bar a significant portion of her claim, denying her the ability to obtain a decision on the merits. Her counsel made a mistake, but it was not a mistake that hampered the Defendant's ability to defend this case.[2] The Court, therefore, finds that the United States' motion to strike the Plaintiff's untimely supplemental expert disclosures should be denied.

### B. Additional Opinions of Drs. O'Shanick and Petrick

The United States also moves to strike the "additional opinions" of Dr. O'Shanick and Dr. Petrick. This motion involves a list of opinions of each doctor, prepared by the Plaintiff's counsel, which were served together with the Plaintiff's (timely) September 2, 2014 disclosures. The United States argues that "the required basis for [the doctors'] respective opinions and the facts or data considered by them in forming their opinions were not disclosed." (Def. Mot. to Strike at 4, Document 90.) The United States argues that the *Southern States* factors support exclusion because (a) additional discovery time, and potentially a new trial date, would be required to permit the opinions to be brought into compliance with Rule 26, and the United States to conduct responsive discovery, and (b) the United States would be surprised by the as yet undisclosed basis for the opinions at trial.

The Plaintiff suggests that the additional opinions were simply an effort to bring attention and focus to information already in the discovery materials. She argues that the information was

---

2 The Court observes that payment of reasonable expenses caused by the Plaintiff's failure to disclose in accordance with the Court's scheduling order is an additional sanction available for violations. If the United States incurred expenses because of the Plaintiff's untimely disclosures (for example, if it took depositions prior to the disclosures that now must be supplemented), a motion seeking expenses and attorney's fees would be appropriate.

6

simply not in the "correct packaging," and should be admitted. (Pl.'s Resp. at 7, Document 96.) The Plaintiff explains that most of the opinions contained in the "additional opinions" are also in the experts' respective reports. She argues that others contain the basis for the opinion in the brief statement of the opinion. She devotes some argument to the position that information confirming the opinions is contained in the discovery materials and that Defendant's experts agreed with the opinions. The only opinion that the Plaintiff believes was not disclosed elsewhere is Dr. O'Shanick's opinion that Ms. Dillon's decreased sense of smell on one side is indicative of mild traumatic brain injury from occipital impact.

Any opinions contained in both the expert reports *and* the "additional opinions" are, of course, admissible based on their inclusion in the unchallenged expert reports,[3] regardless of the Court's decision with respect to the additional opinions. The Court rejects the Plaintiff's suggestion that the Defendant could have garnered the basis of the opinions from other discovery materials or through depositions. The Fourth Circuit is clear: "Every litigant in federal court is plainly entitled under Rule 26(a)(2)(B) to be given the information spelled out therein, and none shoulder the burden to independently investigate and ferret out that information as best they can and at the expense of their client." *Carr v. Deeds*, 453 F.3d 593, 605 (4th Cir. 2006). It is the Plaintiff's obligation to provide the Defendant with complete expert reports containing the information required by the Federal Rules of Civil Procedure, including the basis of the expert's opinions. That obligation is not negated by defense experts who agree with the Plaintiff's experts or by the presence of the information within the reams of medical reports and other discovery in this case.

---

3 The Court is aware that there are unrelated motions with respect to some experts in this case. However, the Court will consider only the admissibility of the evidence in relation to the present motions herein.

To the extent the "additional opinions" contain information or opinions that are not otherwise admissible and do not provide a basis for those opinions,[4] they are inadmissible. Although there is little risk of "surprise" as to the opinions themselves, the Defendant and its experts cannot adequately evaluate opinions without any information regarding how those opinions were formed. The Defendant is therefore unable to cure the surprise from those opinions without a combination of expensive and time consuming review of the discovery materials and guesswork as to what led the Plaintiff's experts to reach the additional opinions. It is the Court's understanding that certain opinions contained in the additional opinions remain out of compliance with the Rules. In other words, the Defendant has yet to receive the basis for certain expert opinions expressed informally by the Plaintiff's counsel in the "additional opinions."[5] Therefore, the Court finds that the Defendant's motion to strike the additional opinions of Dr. O'Shanick and Dr. Petrick should be granted.

## CONCLUSION

WHEREFORE, following careful consideration and for the reasons stated herein, the Court **ORDERS** that the *United States' Motion to Strike Additional Opinions of Dr. O'Shanick and Dr. Petrick* (Document 90) be **GRANTED** and that the *United States' Motion to Strike the Plaintiff's Untimely Supplemental Expert Disclosures* (Document 92) be **DENIED**.

---

4 The Plaintiff asserts, in her response to the Court's order, that the opinions were based on the experts' expertise, experience, and education. (Pl.'s Resp. at 8, Document 108.) Rule 26(a)(2)(B) requires more, including the facts or data that the expert relied on to reach the opinion. Simply stating that the expert believes something because she is an expert gives no basis for challenging the opinion, and renders the opinion inadmissible.

5 If the Plaintiff has cured the inadequacies of her disclosures, the analysis for exclusion would be, as above, based on the potential harm to the United States' ability to defend this case, taking into consideration the nature of the untimely disclosure and the time between the disclose and the trial date.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

                ENTER:      March 16, 2015

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA