# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

SANTA TERRESA DILLON,

        Plaintiff,

v.                                CIVIL ACTION NO.   5:12-cv-09314

UNITED STATES OF AMERICA,

        Defendant.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Defendant's Motion for Summary Judgment* (Document 94), the *Memorandum of Law in Support* (Document 95), the *Plaintiff's Memorandum in Response to Defendant United States' Motion for Summary Judgment* (Document 104), and the *Defendant's Reply in Support of Its Motion for Summary Judgment* (Document 107).   The Court has also reviewed the *Plaintiff's Combined Motion and Memorandum in Support of Motion for Summary Judgment on the Issue of Liability* (Document 98), the *United States' Opposition to Plaintiff's Motion for Summary Judgment* (Document 103), and the *Plaintiff's Memorandum in Reply to Defendant United States' Opposition to Plaintiff's Motion for Summary Judgment* (Document 105).   In addition, the Court has reviewed all exhibits attached to the parties' submissions.   For the reasons stated herein, the Court finds that summary judgment is not appropriate, and therefore, both the Plaintiff's motion and the Defendant's motion must be denied.

### *FACTS AND PROCEDURAL HISTORY*

The Plaintiff, Santa Terresa Dillon, initiated this action with a *Complaint* (Document 1) filed on December 19, 2012, following the denial of her administrative claim on June 25, 2012 (Compl. ¶ 5).   She alleges that the United States was negligent in its operation and maintenance of the post office in Glen Daniel, West Virginia.   The parties have conducted extensive discovery. To provide context for the decision herein, the Court provides the following summary of the facts, including factual disputes.

Around 9:00 a.m., on January 27, 2004, the Plaintiff visited the post office in Glen Daniel, West Virginia, to collect mail from her post office box.   As she walked back to her car, she slipped and fell, hitting her elbow, back, and head.   Ms. Dillon states that she slipped on black ice. (Dillon Depo. at 37:16, att'd as Ex. 1 to Def.'s Mot., Document 94-1.)   She went back into the post office to report her accident to an employee.   Ms. Dillon has little recollection of her fall and its aftermath.   (*Id.* at 36:6-7.)   Debra Raye, the Postmaster Relief (PMR) responsible for the Glen Daniel post office that day, was the only employee present.   Ms. Raye indicated that Ms. Dillon initially refused to do an accident report, but came in that afternoon to complete one after having gone to the doctor.   (Raye Depo at 5:16-20 & 16:5-16, att'd as Ex. 3 to Pl.'s Mot., Document 98-3.)

Ms. Raye then prepared an accident report.   (Accident Investigation Worksheet, att'd to Def.'s Mot. as Ex. 2, Document 94-1.)   That report indicates that there was black ice on the sidewalk in front of the building and that it was "raining then turned to sleet and formed a thin sheet of ice before [Ms. Dillon] had gotten back in her vehicle."   (*Id.* at §§ 39, 41.)   Ms. Raye stated in her deposition that the weather conditions and the presence of ice noted in the accident

2

report were based only on Ms. Dillon's statements to her.   (Raye Depo. at 35:16 – 36:10.)   At the time of her deposition, Ms. Raye recalled that it had been warm and dry when she arrived at work, and she was unaware of any change in the weather conditions.   (*Id.* at 6:15-8:16.)   She did, however, notice that the parking lot in the back was "shiny," and was either preparing to salt or had salted as a precaution against icy conditions in the back lot when Ms. Dillon reported her fall.[1] (*Id.* at 11:2-14:2.)   Ms. Dillon reported her fall as Ms. Raye was preparing to salt the customer parking areas and walkways in front of the building, and Ms. Raye proceeded to salt those areas, which also appeared shiny.   (*Id.* at 36:10-17.)

Ms. Raye was filling in for Cheryl Bullington, her supervisor, who was working in a different post office on the day of the incident.   Ms. Raye reported Ms. Dillon's fall to Ms. Bullington and received instructions regarding the necessary documentation.   In addition, Ms. Bullington was responsible for providing instructions regarding safety procedures to Ms. Raye. When asked by Plaintiff's counsel, Ms. Bullington agreed that the appropriate procedure for correcting an ice hazard would be to salt the customer walkways before salting areas used only by employees, if no employees were expected for approximately half an hour.   (Bullington Depo, 25:6-17, att'd as Ex. 1 to Pl.'s Mot., Document 98-1.)   She further indicated that if ice was forming behind the building, it would be forming in the front as well.   (*Id.* at 25:1-4.)

### *STANDARD OF REVIEW*

The well-established standard for consideration of a motion for summary judgment is that summary judgment should be granted if the record, including the pleadings and other filings,

---

1 The parties disagree as to whether Ms. Raye's testimony was that she had already put salt down in the back lot when Ms. Dillon came in to report her fall, or was preparing to do so.   A review of her deposition does not provide a clear answer.

discovery material, depositions, and affidavits, "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014).   A "material fact" is a fact that could affect the outcome of the case.   *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010).   A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor.   *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013).

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23.   When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party.   *Hoschar*, 739 F.3d at 169.   However, the nonmoving party must satisfy its burden of showing a genuine factual dispute by offering more than "[m]ere speculation" or a "scintilla of evidence" in support of its position.   *Anderson*, 477 U.S. at 252; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).   If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate.   *Anderson*, 477 U.S. at 250.   On the other hand, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should

4

be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

## *DISCUSSION*

The United States moves for summary judgment because, it argues, black ice is invisible and therefore unforeseeable.   The United States suggests that it had no duty to prevent or remedy the harm allegedly caused by the black ice because "foreseeability is the essence of duty."   (Def.'s Mem. in Supp. of Summ. J., at 1.)   It states that there is no evidence that "the United States had any actual or constructive knowledge of the ice on which [the Plaintiff] allegedly fell."   (*Id.* at 7.) The Plaintiff responds by highlighting Ms. Raye's testimony that she noticed that the rear parking lot was shiny and decided to put salt out before the Plaintiff reported her fall.   Thus, she argues, not only was the hazard foreseeable; it was actually foreseen.   She further argues that salting the employee entrance in the back before the customer entrance in the front was contrary to post office policy, further demonstrating the United States' unreasonable response to the risk posed by icy conditions.   In reply, the United States stresses that the ice the Plaintiff allegedly fell on was an invisible and unknown hazard.   It points to testimony from Ms. Raye stating that she did not see ice outside at any point the day of the incident.

The Plaintiff moves for summary judgment as to liability.   She again argues that the Defendant had actual knowledge of the icy conditions based on Ms. Raye's testimony that she was going to salt outside because it looked shiny.   She focuses on Ms. Raye's testimony that she salted the back lot before the front, which she claims was contrary to both post office policy and to the postal service's duty to patrons.   The Defendant responds that the Plaintiff's interpretation of Ms. Raye's deposition testimony is inaccurate, citing her statements that it was dry outside and that she

put salt down as a precaution after Ms. Dillon's fall.   The Plaintiff replies by reiterating that Ms.

Raye's testimony suggests that she was salting in the back at the time the Plaintiff fell in the front.

The basic elements of a negligence claim are duty, breach of that duty, causation, and

damages.   "In order to establish a negligence claim in West Virginia, '[a] plaintiff must prove by

a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by

breaching that duty the defendant proximately caused the injuries of the plaintiff.'"   *Cline v.

7-Eleven, Inc.*, 2012 WL 5471761 (N.D.W. Va. Nov. 9, 2012) (citing *Neely v. Belk, Inc.,* 668

S.E.2d 189, 197 (W.Va.2008)).   In determining whether a duty exists, "[t]he ultimate test…is

found in the foreseeability that harm may result."   Syl. pt. 3, *Hersh v. E-T Enterprises, Ltd. P'ship*,

752 S.E.2d 336, 338 (W. Va. 2013) (explaining that the test is whether "the ordinary man in the

defendant's position, knowing what he knew or should have known, [would] anticipate that harm

of the general nature of that suffered was likely to result").

Businesses and landowners will not be found liable in negligence unless they "breach their

duty of reasonable care under the circumstances."   *Crum v. Equity Inns, Inc.*, 685 S.E.2d 219, 226

(W.Va. 2009).   "[A] plaintiff must show that a defendant has been guilty of some act or omission

in violation of a duty owed to the plaintiff" to establish a prima facie case of negligence.   *Id.*

Further, the Supreme Court of Appeals of West Virginia noted that:

> In determining whether a defendant in a premises liability case met
> his or her burden of reasonable care under the circumstances to all
> non-trespassing entrants, the trier of fact must consider (1) the
> foreseeability that an injury might occur; (2) the severity of injury;
> (3) the time, manner and circumstances under which the injured
> party entered the premises; (4) the normal or expected use made of
> the premises; and (5) the magnitude of the burden placed upon the
> defendant to guard against injury.

6

Syl. pt. 4, *Hersh*, 752 S.E.2d at 338 (citing Syl. pt. 6, *Mallet v. Pickens*, 522 S.E.2d 436 (W. Va. 1999). Questions of negligence are to be decided by the trier of fact even absent a factual dispute, if different conclusions could be drawn from the facts. *See, e.g.*, *Bradley v. Sugarwood, Inc.*, 260 S.E.2d 839, 840 (W. Va. 1979).

Here, there is factual dispute as to precisely when Ms. Raye noticed that the asphalt behind the post office looked shiny and grew concerned that it could be icy. The parties dispute whether she had salted the back lot when Ms. Dillon fell or was only preparing to do so. Ms. Raye's deposition testimony does not clearly resolve the question, and, regardless, summary judgment would not be appropriate. The trier of fact[2] will need to both resolve the factual disputes and determine the questions of reasonableness presented by the facts.

The evidence, viewed in the light most favorable to the Plaintiff, could support a finding that the United States was aware that ice was forming outside the building prior to Ms. Dillon's fall. Salting the area earlier could have prevented Ms. Dillon's accident, and so summary judgment in favor of the Defendant is inappropriate. Viewed in the light most favorable to the United States, however, the evidence could support a finding that Ms. Raye was unaware that ice was forming, and only began preparing to salt outside the building as a precaution at the same time or after Ms. Dillon had fallen. Ms. Raye stated that it was warm and dry when she arrived at work; a trier of fact could find that she discovered the potential hazard within a reasonable time and acted prudently in attempting to promptly remedy or prevent the icy conditions.

Because there are genuine disputes of material fact and because even the undisputed facts could lead to different conclusions with respect to negligence, the Court finds that both the

---

2 In this case, the Court will be the trier of fact. The Court will not, however, reach any factual conclusions prior to the bench trial. Thus, the standard for summary judgment remains the same.

Defendant's motion for summary judgment and the Plaintiff's motion for summary judgment as to liability must be denied.

### *CONCLUSION*

WHEREFORE, after careful consideration and for the reasons stated herein, the Court hereby **ORDERS** that the *Defendant's Motion for Summary Judgment* (Document 94) and the *Plaintiff's Combined Motion and Memorandum in Support of Motion for Summary Judgment on the Issue of Liability* (Document 98) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        April 9, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

8